UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:94CR433 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | ORDER |
| SYLVESTER L. EPPINGER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Defendant Sylvester L. Eppinger's ("Defendant")'s *pro se*[1] Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2). (Doc. No. 59.) For the reasons set forth below, Defendant's motion is **DENIED**.

In 1995, Defendant pleaded guilty to knowingly and intentionally possessing with intent to distribute approximately 55.4 grams of cocaine base/crack cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Court sentenced Defendant to consecutive mandatory minimums of 240 months and 60 months for each offense, respectively.

Defendant moves this Court to reduce his sentence "in accordance with the retroactive effect of the Fair Sentencing Act of 2010 [("FSA")]; which amended U.S.S.G.

---

[1] Defendant's memorandum in support of his motion indicates that he is proceeding *pro se* and "and with the assistance of an individual who possesses a juris doctorate degree[.]" (Doc. No. 59 at 43.) Thereafter, on Defendant's behalf, attorneys Dennis Terez and Melissa M. Salinas of the federal public defenders' office moved for appointment of counsel. (Doc. No. 60.) On November 18, 2011, the Court granted the motion for appointment of counsel. Subsequently, on November 8, 2012, the Court ordered that counsel for Defendant had until November 15, 2012 to file any supplement to Defendant's motion. Appointed counsel did not file a supplement on Defendant's behalf.

§2D1.1, Drug Table, . . . and the newly enacted penalty provisions found at 21 U.S.C. § 841(b), . . . and his extraordinary post-conviction rehabilitative efforts." (*Id*. at 70.)

The FSA became effective on August 3, 2010, altering the statutory penalties applicable to crack cocaine offenses. Notably, the Act amended several statutes to increase the amount of crack-cocaine necessary to trigger mandatory minimum sentences. *United States v. Shepherd,* 408 F. App'x 945, 949 (6th Cir. 2011). The FSA also directed the Sentencing Commission to promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. 124 Stat. 2372, 2374 (2010). Subsequently, the Sentencing Commission issued a temporary emergency amendment, Amendment 748, to the United States Sentencing Guidelines which, in part, lowered the offense levels for crack cocaine offenses stated in §2D1.1 for various quantities of crack cocaine, effective November 1, 2010. *Temporary Emergency Amendment to Sentencing Guidelines,* 75 Fed. Reg. 66, 188 (Oct. 27, 2010). On June 30, 2011, the Sentencing Commission re-promulgated Amendment 748 as a permanent amendment, Amendment 750, which became effective November 1, 2011. U.S.S.G., App. C, at 398. The Sentencing Commission "unanimously voted to make this *amendment* . . . retroactive." *United States v. Turner*, 456 F. App'x 545, 547 (6th Cir. 2012) (emphasis added).

Defendant devotes much of his brief to arguing why this Court should find that the FSA *itself* applies retroactively. However, clear Sixth Circuit precedent holds that FSA does not apply retroactively in cases such as this one. In *United States v. Carradine,* 621 F.3d 575 (6th Cir. 2010) *cert.* denied, 131 S. Ct. 1706, 1709 (2011), the Sixth Circuit determined that a defendant who had been sentenced over two-and-a-half years prior to the FSA's enactment was

not entitled to retroactive application of the FSA's new mandatory minimum thresholds. The court held:

> The 'general savings statute,' 1 U.S.C. § 109, requires [the courts] to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. . . .
>
> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can [the court] infer any such express intent from its plain language. Consequently, [the court] must apply the penalty provision in place at the time Carradine committed the crime in question. We affirm the district court's imposition of the 60-month mandatory minimum sentence.

*Carradine*, 621 F.3d at 580 (internal citations omitted). *See also, United States v. Mundy*, No. 11-6432, 2012 WL 5200363, at *1 (6th Cir. Oct. 22, 2012) (per curiam) ("[W]e have repeatedly rejected the assertion that the [FSA] applies retroactively to sentences imposed prior to the Act's effective date.") (citations omitted); *United States v. McNair*, 471 F. App'x 453, 456 (6th Cir. 2012) (holding FSA did not apply retroactively to reduce a defendant's sentence for conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine, where the offense and sentence predated the FSA's enactment) (citing 1 U.S.C.A. § 109; *Carradine*, 621 F.3d at 580).

Similarly, here, it is undisputed that Defendant committed the instant offenses and was sentenced prior to the FSA's enactment. Accordingly, his request for re-sentencing under the FSA is foreclosed by the Sixth Circuit's binding precedent in *Carradine* and its progeny.[2]

---

[2] Defendant's reliance on *United States v. Shull*, 793 F. Supp. 2d 1048, 1057-58 (S.D. Ohio 2011) is misplaced. That case involved a defendant who was subject to sentencing *after* the effective date of the FSA for an offense he committed before the FSA was enacted. The court noted that the *Carradine* line of cases did not apply in such situations. *Id.* 1058 n. 7 (citations omitted). *See also, United States v. McNair*, 471 F. App'x 453, 456 (6th Cir. 2012) (distinguishing so-called "straddle cases" from those subject to the rule announced in *Carradine* in which both the offense and sentence predate the enactment of the FSA).

Nor is Defendant eligible for a sentence reduction under Amendment 750. A defendant is not eligible for a reduction of sentence if the Sentencing Commission amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment) . . . ." U.S.S.G. §1B1.10; *see also* U.S.S.G. §5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). In other words, if a statutory mandatory minimum is greater than the maximum of Defendant's guideline range, he is not eligible for a reduction.

In this case, Defendant's guideline range for the crack cocaine offense was 41 to 51 months. Defendant was sentenced, however, to a mandatory minimum of 240 months, well over the maximum of Defendant's guideline range. Accordingly, Defendant is not eligible for a reduction in sentence.

For the aforementioned reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 13, 2012

  _____
  **HONORABLE SARA LIOI**
  **UNITED STATES DISTRICT JUDGE**